SAM GLASSCOCK III
VICE CHANCELLOR

**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: November 11, 2016
Date Decided: January 9, 2017

Enrique Santos
P.O. Box 971
Rockville, MD 20848

Allan S. Kullen
7723 Groton Road
Bethesda, MD 20817

Re: *Enrique Santos v. Allen S. Kullen*, C.A. No. 9960-MZ

Dear Litigants:

Before me are Mr. Santos' Exceptions to the Final Report and Order of Master Zurn together with a brief in support of those exceptions and a response by an interested party named as a Defendant in the Complaint but apparently never served, Allan S. Kullen. The parties are *pro se*, but I note that Mr. Santos is an attorney licensed to practice in several jurisdictions. The background of this matter is as follows:

The case was filed in July 2014 seeking equitable relief with respect to legal fees that Mr. Santos alleged he was entitled to from named, but unserved, Defendants Kullen and Todd Allan Printing Company, Inc. ("TAPCO").

According to Santos' brief, he seeks "imposition of a constructive trust (a) on assets previously held by TAPCO which were transferred [fraudulently] to [another entity] KCP [Communications, Inc.] and (b) [on] promissory notes and security

interests arising from these transfers."[1]  Since the Summer of 2014, no meaningful progress has been made in this matter.  On June 15, 2016, Master Zurn wrote to Mr. Santos:

> This matter has been open for almost two years with substantially no activity since the original filing in July, 2014.  No proof of service on the defendants has been filed with the Court.  The Court has twice requested you advance this matter.  Please file a status update within 30 days of the date of this letter.  For those defendants who are not debtors in pending bankruptcy actions, please also file a proof of service and a stipulated case scheduling order showing how this matter will be moving forward.[2]

On July 7, Mr. Santos replied:

> The Court has requested a status update in this matter.  In my previous status report I informed the Court that an involuntary bankruptcy petition was filed on November 13, 2015 against defendant KCP Communications, Inc.— whereupon the automatic stay in bankruptcy cases went into effect. . . . The petitioning creditors who placed the debtor into Chapter 11 proceedings were Allan S. Kullen and Diane K. Kullen Revocable Trust, both also defendants in this matter. . . . The Court has further requested Plaintiff to file proof of service and a stipulated case scheduling order.  I am unable to do so because service has not been made.[3]

On July 13, Master Zurn again wrote to Mr. Santos:

> On June 15, 2016, I directed you to file proof of service and a stipulated case scheduling order showing how this matter will be moving forward with regard to defendants

---

[1] Pl's Opening Br. 5.
[2] Dkt. No. 13.
[3] Dkt. No. 15.

2

who are not debtors in pending bankruptcy actions. You responded on July 7, 2016, that you could not do so because you had not served those defendants. Allow me to clarify: you are to advance this matter by serving those defendants and filing proof of that service and a joint scheduling order within 30 days. Failure to do so will be considered failure to prosecute and failure to comply with a court order, and will subject this case to dismissal under Rule 41(e).[4]

The record does not reflect that Mr. Santos made a response to this Court's letter order of July 13, 2016 (the "Letter Order"). On August 19, 2016, Master Zurn issued an order dismissing for failure to prosecute under Rule 41(e) (the "Master's Order"). Santos takes exception to this Order.

In his brief in support of his Exceptions, Santos mistakenly argues that the Master abused her discretion in this matter. Unfortunately, in light of judicial efficiency, that standard does not apply. Under our Supreme Court's decision in *DiGiacobbe v. Sestak*[5] a Vice Chancellor or Chancellor of this Court must review decisions of the Master *de novo*.[6] I have undertaken such a review in this matter.

In his brief and Exceptions, Santos argues that the Letter Order, together with the Master's June 15, 2016 letter, constitute an abuse of discretion. The Letter Order directed Santos to provide service of process on the non-bankruptcy defendants within thirty days, and to file a form of case scheduling order. Santos argues that

---

[4] Dkt. No. 14.
[5] 743 A.2d 180 (Del. 1999).
[6] *Id.* at 184.

3

"[t]o serve six non-debtor defendants could not be accomplished in 30 days, even in the best of circumstances. . . . But to then expect that a joint scheduling order from all parties could be produced within the same 30 days was very highly improbable, if not an impossibility."[7] He calls the directive in the Letter Order a "hyper-accelerated time table" and suggests that it is abusive to him.[8]

I find Santos' argument nonsensical, and note that he failed to attempt to comply with the Letter Order; therefore, his argument as to "abuse" by the Master rings hollow.

More substantively, Santos points out that he filed brief status reports in this matter together with suggestions of bankruptcy, indicating some prosecution took place; he also argues that, in his view, bankruptcy law precluded him from complying with the Letter Order. I need not address these concerns, however. According to Santos, at the time this matter was dismissed, a mirror image action was pending in Maryland state court. The only relief Santos seeks on exception is that the Master's Order dismissing his action here be made without prejudice, so that he can prosecute his case in the Maryland state court. The record does not indicate that Santos made the Master aware of the pendency of this Maryland action. In consideration of the Master's time and busy schedule, and in light of the requirement

---

[7] Pl's Opening Br. 18–19.
[8] *Id.* at 19.

4

of *DiGiacobbe* that I conduct a *de novo* review here, I decline to return this matter to the Master for her consideration of the pendency of the Maryland action.

As Santos now acknowledges, this action should be dismissed. A dismissal with prejudice removes the ability of the Maryland court to apply its own standards of case management to this glacially-paced litigation. It seems to me, under the peculiar facts here, including the Plaintiff's belated representation that an identical action was pending in Maryland at the time this Court considered a dismissal for failure to prosecute, that interests of comity require a dismissal without prejudice, to allow the Maryland court to apply whatever notions of case management it finds appropriate. Therefore, the Exceptions are denied, but the Master's Order is modified to provide that the dismissal is without prejudice to the pending Maryland action. Nothing in this Letter Opinion should be read as a finding that Santos has appropriately litigated in Maryland; that is a matter purely for the Maryland courts.

An appropriate order accompanies this Letter Opinion.

Sincerely,

/s/ Sam Glasscock III

Vice Chancellor

5

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ENRIQUE SANTOS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 9960-MZ |
| | : | |
| ALLAN S. KULLEN, et al., | : | |
| | : | |
| Defendants. | : | |

DISMISSAL FOR FAILURE TO PROSECUTE

WHEREAS, Master Zurn dismissed this matter in a Final Report and Order under Rule 41(e) of the Rules of the Court of Chancery, on August 19, 2016 and,

WHEREAS, the Plaintiff has taken exception to that Report and Order; and

WHEREAS, upon *de novo* review, the Exceptions are DENIED but;

WHEREAS, the Plaintiff alleges that a pending action exists and existed in Maryland state court at the time of the Court's August 19, 2016 Order; and

WHEREAS, the interests of comity under the particular facts here make it appropriate for the Maryland courts to apply their own case management standards to that pending Maryland action;

NOW, THEREFORE, this matter is dismissed, without prejudice to the Plaintiff's right to prosecute any pending litigation.

DATED:_____

/s/ Sam Glasscock III
Vice Chancellor